# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD ALMIEDA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-03-6658 REC SMS P<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 38)<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO ATTEMPT RE-SERVICE ON DEFENDANT VIJAYA AND TO CONTACT LEGAL AFFAIRS DIVISION FOR ASSISTANCE IN LOCATING AND SERVING DEFENDANT VIJAYA<br><br>(Doc. 25) |

Plaintiff William Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2004, the court directed the United States Marshal to initiate service of process. (Doc. 19.) Service was not executed on defendant Vijaya. The Marshal was informed by the institution that Vijaya no longer works there and was informed by CDC Personnel that Vijaya cannot be located. (Doc. 25.) On November 24, 2004, the court ordered plaintiff to show cause why defendant Vijaya should not be dismissed from this action based on plaintiff's failure to provide the Marshal with sufficient information to serve defendant. (Doc. 38.) Plaintiff filed a response to the order on February 24, 2005. (Doc. 45.) The order to show cause is HEREBY ORDERED DISCHARGED.

    The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal by the CDC Personnel is insufficient to allow the court to

1  discharge this duty on the ground that defendant Vijaya cannot be located. 28 U.S.C. 1915(d); Fed.
2  R. Civ. P. 4(c)(2). For this reason, the court must direct the Marshal to re-attempt service on
3  defendant Vijaya. Rather than again contacting the institution and CDC Personnel, which would
4  likely result in the same response, the Marshal shall contact the Legal Affairs Division and request
5  the assistance of a special investigator. Accordingly, IT IS HEREBY FURTHER ORDERED that:

    1.    The Clerk of the Court is directed to forward the following documents to the United States Marshal:

        (1)    One completed and issued summons for <u>each</u> defendant to be served;

        (2)    One completed USM-285 form for <u>each</u> defendant to be served;

        (3)    One copy of the complaint filed on November 24, 2003 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

        (4)    One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

        (5)    One copy of the court's consent form for <u>each</u> defendant to be served; and

        (6)    One copy of plaintiff's medication record that includes three prescriptions written by defendant Vijaya.[1]

    2.    Within ten days from the date of this order, the United States Marshal is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

**DR. VIJAYA**

    3.    The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

    4.    The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

---

[1] The record being sent to the Marshal is Exhibit II at page 2 to plaintiff's motion for the appointment of counsel filed on November 24, 2003. (Doc. 4.)

5. <u>In attempting to locate defendant Vijaya, it is unnecessary for the Marshal to contact the institution or CDC Personnel. Rather, the Marshal is directed to contact the assistance of the Legal Affairs Division in Sacramento and request the assistance of a special investigator.</u>

6. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

///
///
///
///

8. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:   May 17, 2005**                              /s/ Sandra M. Snyder
i0d3h8                                                  UNITED STATES MAGISTRATE JUDGE