# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD ALMIEDA, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:03-CV-06658-REC-SMS-P<br><br>ORDER GRANTING DEFENDANTS SNOW, NGUYEN, SMITH, AND RAMIREZ'S MOTIONS TO STRIKE, AND GRANTING DEFENDANT BRADISH'S MOTION TO STRIKE IN PART<br><br>(Docs. 95, 97, 103, and 125)<br><br>ORDER DENYING DEFENDANTS SNOW, NGUYEN, SMITH, AND RAMIREZ'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS, AND DENYING IN PART DEFENDANT BRADISH'S MOTION TO STRIKE (AS TO RESPONSE TO EVIDENTIARY OBJECTIONS)<br><br>(Doc. 96 and 125)<br><br>ORDER STRIKING PLAINTIFF'S SURREPLIES AND ACCOMPANYING DOCUMENTS, AND EXHIBIT 18<br><br>(Docs. 98, 100, 102, 120-122, 124, and 127) |

Plaintiff William Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed November 24, 2003, against Defendants Snow, Nguyen, Smith, Ramirez,[1]

---

[1] Identified as Ramerez in the complaint.

Bradish, and Katukota[2] for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. On August 12, 2005, Defendants Snow, Nguyen, Smith, and Ramirez filed a motion for summary judgment. (Docs. 67-74.) Plaintiff filed an opposition on September 14, 2005, and Defendants filed a reply on September 26, 2005. (Docs. 90-94.) Plaintiff filed a surreply and accompanying documents on October 11, 2005, and Defendants moved to strike the filings on October 12, 2005. (Docs. 95-100.) On October 13, 2005, Plaintiff filed a supplemental declaration in support of his surreply, and Defendants moved to strike the declaration on October 17, 2005. (Docs. 102-103.) Plaintiff filed an opposition to Defendants' motions to strike on October 26, 2005. (Docs. 104, 106-109.)

On November 14, 2005, Defendant Bradish, who is represented by separate counsel, filed a motion for summary judgment. (Doc. 111.) Plaintiff filed an opposition on November 30, 2005, and Defendant Bradish filed a reply on December 9, 2005. (Docs. 112-119.) On January 9, 2006, Plaintiff filed a surreply. (Docs. 120-124.) Defendant filed a motion to strike the surreply on January 17, 2006. (Doc. 125.) Plaintiff filed an opposition to Defendant's motion to strike and submitted a supplemental exhibit on January 26, 2006. (Docs. 126, 127.)

Plaintiff's protestation that he has a right to respond to Defendants' replies is incorrect. Pursuant to Local Rule 78-230(m), Defendants' motions for summary judgment were deemed submitted upon the filing of their replies. Neither the Federal Rules of Civil Procedure nor the Local Rules provide for the filing of a response to a reply (surreply). Although the Court has discretion to seek a surreply from Plaintiff or grant Plaintiff leave to file a surreply, the Court did neither. Accordingly, Plaintiff's surreplies will not be considered by the Court and shall be stricken from the record. The Court will allow Plaintiff's responses to Defendants' evidentiary objections to remain in the record for consideration by the Court when Defendants' motions for summary judgment are addressed. (Docs. 99, 123.)

///
///

---

[2] Identified as Vijaya in the complaint.

2

Having considered the Defendants' motions to strike, it is HEREBY ORDERED that:

1. Defendants' motions to strike are GRANTED IN PART and DENIED IN PART as follows:

    a. Defendants Snow, Nguyen, Smith, and Ramirez's motion to strike Plaintiff's response to their evidentiary objections is DENIED (Doc. 96);

    b. Defendants Snow, Nguyen, Smith, and Ramirez's motion to strike Plaintiff's surreplies and supporting documents are GRANTED (Docs. 95, 98, and 103);

    c. Defendant Bradish's motion to strike is DENIED as to Plaintiff's response to her evidentiary objections, but GRANTED as to Plaintiff's surreply and supporting documents (Doc. 125);

2. The following surreplies and supporting documents filed by Plaintiff are STRICKEN FROM THE RECORD: 98, 100, 102, 120-122, 124; and

3. Plaintiff's supplemental exhibit, filed January 26, 2006, is STRICKEN (Doc. 127).

IT IS SO ORDERED.

Dated:    February 7, 2006                    /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE

3