# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM GARCIA,

Plaintiff,

v.

EDWARD ALMIEDA, et al.,

Defendants.

/

CASE NO. 1:03-CV-06658-OWW-SMS P

ORDER DENYING MOTION TO COMPEL AS PROCEDURALLY DEFICIENT, AND ALLOWING PLAINTIFF THIRTY DAYS WITHIN WHICH TO CURE THE DEFICIENCIES AND RE-FILE THE MOTION

(Doc. 151)

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND REQUEST FOR JUDICIAL NOTICE

(Docs. 157 and 158)

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE, AS LIMITED BY THIS ORDER, AND SUA SPONTE EXTENDING MOTION DEADLINE

(Doc. 152)

ORDER DIRECTING CLERK'S OFFICE TO RE-SERVE DOCUMENT 148 ON PLAINTIFF

I. Order

A. Procedural History

Plaintiff William Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was proceeding on plaintiff's complaint, filed November 24, 2003, against defendants Snow, Nguyen, Smith, Ramirez,

Bradish, and Katukota for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. (Docs. 1, 16, 40.) The only remaining claim is plaintiff's claim against defendant Katukota. (Doc. 135.) Defendant Katukota ("defendant") was personally served on April 11, 2006, and she filed an answer on May 1, 2006. (Docs. 141, 142.) On May 2, 2006, the court issued a discovery and scheduling order, under which the deadline for the completion of all discovery, including filing motions to compel, was September 13, 2006. (Doc. 143.)

On August 30, 2006, plaintiff filed a motion to compel and a motion seeking an extension of the discovery deadline. (Docs. 151, 152.) Defendant filed an opposition on September 7, 2006, and plaintiff filed a reply on September 22, 2006. (Docs. 153, 154, 162.) Plaintiff also filed a motion seeking sanctions on September 14, 2006. (Doc. 157.) Defendant filed an opposition on September 20, 2006, and plaintiff filed a reply on October 4, 2006. (Docs. 159, 160, 164.)

B. Plaintiff's Motion to Compel Filed on August 30, 2006

A motion to compel must be accompanied by a copy of plaintiff's discovery requests at issue and a copy of defendant's responses to the discovery requests.[1] Further, as the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling responses. The necessary information must be set forth in the motion and may not be cured in the reply, as plaintiff has attempted to do here. Curing these deficiencies in the reply deprives defendant of notice and an opportunity to be heard. The court is going to deny plaintiff's motion on the ground that it is procedurally deficient. The denial will be without prejudice to curing the deficiencies and re-filing the motion, within thirty days.

///

///

[1] In his reply, plaintiff takes issue with defendant's characterization of his motion as a motion to compel, and asserts that he is seeking responses to his original requests. (Doc. 162, 1:19-23.) Plaintiff is quibbling over semantics, and his position is baseless. Plaintiff is seeking to compel responses and/or further responses to his previously served discovery requests. This is accomplished via a motion to compel and that is what plaintiff has filed.

The court is finding its patience somewhat taxed and the parties are directed to take note of the following comments. First, the court finds defendant's objection to plaintiff's motion to compel as untimely to be, as best, disingenuous. Plaintiff's motion to compel was clearly procedurally deficient and it was unnecessary for defendant to tender this baseless argument. Defendant's contention that plaintiff has had since November 24, 2003, within which to conduct discovery is incorrect. It is the practice of this court to prohibit discovery until an answer is filed and the court issues the discovery and scheduling order, and this information was set forth in the First Informational Order. (Doc. 9.) The court would be surprised if counsel is unaware of this. The first such discovery order was not issued in this case until October 28, 2004. (Doc. 32.) Regardless of what plaintiff could have sought earlier had he known how to seek it, the court opened discovery between plaintiff and defendant on May 2, 2006, and set the deadline for September 16, 2006. Plaintiff had every right to serve defendant with discovery requests during that period and defendant may not shield herself from discovery by asserting plaintiff has had plenty of time to conduct discovery. Plaintiff filed his motion to compel prior to the deadline of September 16, 2006, and it is unquestionably timely. The court expresses its disappointment that defendant's counsel would tender such a clearly frivolous objection.

Next, plaintiff appears to be under the misguided perception that if documents or information are relevant and he asks for them, defendant must produce or respond no matter what, and that by objecting, defendant failed to act in good faith. (See e.g., Doc. 151, 3:15-22.) That is not necessarily the case. Plaintiff propounded discovery requests and defendant responded. Defendant is entitled to object to requests she finds objectionable. It is then up to plaintiff to seek intervention by the court, which will review defendant's objections and determine whether or not they are justified. The fact that defendant objected to some of the requests does not translate into an act of bad faith. The court has given defendant's discovery responses, submitted by defendant in support of her opposition, a cursory review and it appears that defendant has responded appropriately. None of the objections or responses jump out to the court as improper or evasive, *although the court is making no finding regarding defendant's objections and plaintiff is entitled to argue that defendant's objections are improper if he re-files his motion to compel.*

Plaintiff is likewise incorrect that defendant is required to turn over all non-confidential documents requested, regardless of plaintiff's ability to get them himself. (Doc. 162, Reply, 2:14-16.) The court is not going to order defendant to produce documents that are equally available to plaintiff. Plaintiff is entitled to a review of his medical file, and absent some exceptional circumstance, the court would not be inclined to order a defendant to produce an entire file that plaintiff has access to, assuming defendant is able to produce the file.[2] Further, this action has been pending for a number of years and plaintiff has already opposed two motions for summary judgment, filed by five defendants. The court is disinclined to believe that plaintiff is not already in possession of many of the relevant medical documents from his file. With respect to some medical records plaintiff contends are not in his medical file, plaintiff should, in his motion to compel, state that the documents are not equally available to him because they have been removed from his medical file. (Doc. 162, 3:12-25.) The court does not minimize plaintiff's frustration and plaintiff is entitled to seek documents he has been unable to obtain. However, if defendant objects that the documents are available to plaintiff, plaintiff must make an argument as to why they are not available to him.

Defendant Katukota is no longer employed by the California Department of Corrections and Rehabilitation. It does not matter when her employment ended exactly, as it had ended by the time she was served with process and made an appearance in this action. (Doc. 162, 2:27-3:4.) Defendant is required to "furnish such information as is available" to her in responding to plaintiff's interrogatories, and documents which are in her "possession, custody or control" in responding to plaintiff's request for the production of documents. Fed. R. Civ. P. 33(a), 34(a). A request for admission requires defendant admit or deny a fact. Fed. R. Civ. P. 36(a). It is permissible for defendant to fail to admit or deny a fact by stating that she lacks information or knowledge to admit or deny the fact. (Id.) If defendant objects to one of plaintiff's discovery requests, it is plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Thus, if defendant objects that she does not have possession, custody, or control of documents because she is no longer

///

[2] If plaintiff is having trouble obtaining an adequate and timely review of his file, the court will assist him in that regard.

employed by CDCR, plaintiff must make an argument why her objection is not well-taken and she is in possession, custody, or control of the documents sought.

With respect to plaintiff's original motion to compel, filed on August 2, 2006, and his original motion for an extension of the discovery deadline, filed on August 3, 2006, plaintiff asserts that he was never notified by the court that they were stricken from the record for lack of signature and discovered this from defendant's counsel in August of 2006. Plaintiff asserts that the court never advised him of the problem and that the court is supposed to advise all parties. (Doc. 162, 5:24-6:8.) Plaintiff's filings were stricken from the record on August 9, 2006, and all parties were served with the order. The court accepts as true that plaintiff did not receive the order, most likely because it was lost or misdirected by the postal service or the institution, and will direct the Clerk's Office to re-serve the order. However, the order was served on plaintiff by mail, as are all court actions, and plaintiff's assertion that the court failed to serve him with its order is not viewed with favor by the court. By hurling unfounded accusations and impugning the integrity of the court in suggesting that the court undertakes the practice of serving one party but not the other, thereby violating the most basic requirements of due process, plaintiff demonstrates his willingness to jump to the worst possible conclusion which has him being victimized, damaging his credibility in the process as to other assertions made in his pending filings. (Doc. 162, 7:24-28.)

C. Plaintiff's Motion for Sanctions Filed on September 14, 2006

On September 8, 2006, plaintiff filed a letter announcing his refusal to proceed with his deposition noticed for September 12, 2006, on the ground that defendant had not provided full discovery to him. (Doc. 155.) Plaintiff asserted his intention not to cooperate until the court rules on his motion to compel or issues an order requiring him to cooperate. On September 14, 2006, plaintiff filed a motion seeking sanctions against defendant's counsel, Mr. Collins, arising out of conduct at the prison on the day of plaintiff's second deposition, and a request for judicial notice of his motion to compel filed on July 3, 2006, his letter to the court filed on September 8, 2006, and his motion for sanctions because they show he has been "badgered" by Mr. Collins. (Docs. 157, 158.)

///

With respect to plaintiff's request for judicial notice, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The allegations and arguments set forth in plaintiff's filing are very much in dispute and are not subject to judicial notice. Plaintiff's request shall be denied.

Turning to plaintiff's motion for sanctions, plaintiff seeks unspecified sanctions against or removal of Mr. Collins. Plaintiff has not properly noticed his motion by informing the court and defendant of the legal basis for his motion. Further, as set forth below, plaintiff has not met his burden of demonstrating that Mr. Collins engaged in any sanctionable conduct.

As a threshold matter, plaintiff has no right to demand the removal of Mr. Collins from this case and the court declines to enter into any further discussion of that matter. Turning to plaintiff's other contentions, Mr. Collins arrived at the prison to depose plaintiff on September 12, 2006.[3] (Doc. 157.) Plaintiff contends he was ill on that day, and was throwing up and using the restroom all morning, and told Correctional Officer Villarillo so when he called plaintiff for the deposition at approximately 8:45 a.m. Officer Villarillo said he would notify "them." (Id., 1:24.) Correctional Officer Burma thereafter checked on plaintiff and took his statement. Approximately thirty minutes later, a nurse checked on plaintiff. At 1:15 p.m., approximately, Correctional Officer Palmer told plaintiff that he had to go to the Medical Technical Assistants' office and that he had to give his legal work to defendant's counsel. At 1:30 p.m., a nurse came to plaintiff's cell and said he had to sign a slip stating he refused to go to the Medical Technical Assistants' office. Plaintiff told Officer Palmer and the nurse to quit harassing him on defendant's counsel's request, and Office Palmer threatened to handcuff him and place him in a holding cage.

Plaintiff contends that Mr. Collins used his position to cause staff to check repeatedly on plaintiff and harass plaintiff, and Mr. Collins deliberately caused conflict between plaintiff and

---

[3] Plaintiff's motion is signed under penalty of perjury and shall be treated as a declaration, to the extent it is based on plaintiff's personal knowledge. See e.g., Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).

custody staff. Plaintiff contends that Mr. Collins is a threat to him and he refuses to be in the same room with him.

First, the court is going to clear up for plaintiff his obligation to submit to his deposition, an issue that was raised in his letter filed September 8, 2006, and his reply filed October 4, 2006, and which came up in his first deposition on August 16, 2006. (Doc. 155, Doc. 164, Doc. 160, Depo. Tx.) Plaintiff voluntarily filed this civil rights action, and defendant has every right to take plaintiff's deposition in this action. Plaintiff cannot be more wrong that he has a right to avoid being deposed by Mr. Collins because he is dissatisfied with defendant's discovery responses and has a pending motion to compel. Plaintiff's written discovery requests and his dissatisfaction over defendant's responses have absolutely nothing to do with plaintiff's deposition *and may not under any circumstance be used by plaintiff to avoid his deposition*. It is irrelevant whether or not a motion to compel is pending. Relief from a noticed deposition must be obtained via a protective order from the court. Fed. R. Civ. P. 26(c). Plaintiff did not seek a protective order. Further, filing a motion for a protective order does not work to immediately shield the moving party from the deposition. Rather, the moving party is shielded only if the motion is granted. Federal Aviation Administration v. Landy, 705 F.2d 624, 634-35 (2d. Cir. 1983), cert. denied, 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232, (citing to Pioche Mines Consolidated v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964), cert. denied, 380 U.S. 956, 85 S.Ct. 1082, 13 L.Ed.2d 972 (1965)). Thus, the position plaintiff asserted at his first deposition and in his letter are not only meritless but expose plaintiff to possible sanctions. Fed. R. Civ. P. 37(d).

Mr. Collins disputes parts of plaintiff's version of events. However, assuming the truth of plaintiff's version that Mr. Collins had prison personnel check on plaintiff repeatedly, Mr. Collins did not behave inappropriately. Mr. Collins noticed plaintiff's deposition in compliance with the court's discovery order and traveled approximately two-hundred fifty miles from Sacramento to Corcoran for the deposition. Appearance at and cooperation during a noticed deposition is required, absent the issuance of a protective order or sufficient extenuating circumstances. Although emergencies precluding participation may arise, they had better be significant and supportable. Although plaintiff now asserts that he was too physically ill to attend his deposition, plaintiff

attempted to avoid answering deposition questions during his first deposition in August because he was unhappy with discovery responses.[4] Given this history, the time consuming journey to the prison to depose plaintiff, and the arrangement for a certified shorthand reporter to take the deposition, Mr. Collins was well within his rights to check on plaintiff's physical condition repeatedly before deciding the deposition was not going to occur and departing. Although plaintiff concludes that Mr. Collins demanded his legal work, there is no evidence of this. Plaintiff's accusations that Mr. Collins deliberately caused a conflict between plaintiff and staff and tried to have plaintiff thrown into administrative segregation are unsupported by evidence, and plaintiff's assertion that Mr. Collins harassed him and is a threat to him are unsupported. Therefore, plaintiff's motion for sanction shall be denied.

There are several issues in plaintiff's reply that the court deems necessary to address. The court is not persuaded by plaintiff's argument that defendant was placed on notice prior to the deposition by his letter that he was not going to cooperate. (Doc. 164, Reply, 6:12-25.) Plaintiff's letter is dated September 6, 2006. The Clerk's Office received and filed plaintiff's letter on September 8, 2006. However, the letter was not processed and docketed in the court's file until September 12, 2006. Thus, the court was not aware of plaintiff's letter until the 13th, when it received electronic notice of the filing. Given that the Attorney General's Office also receives and processes a large volume of mail, Mr. Collins' position that he did not receive the letter until he returned to the office on the 13th appears reasonable and credible.

With respect to plaintiff's assertion that Mr. Collins threatened him, yelled at him, and cursed at him during his first deposition, the court has reviewed the deposition transcript in its entirety. (Doc. 164, 2:12-3:18.) It goes without saying that the court cannot ascertain the tone or volume of Mr. Collins' voice from the transcript. However, with the exception of the profanity addressed in the following paragraph, Mr. Collins' warning to plaintiff of the possible consequences for failing to cooperate at his deposition, and his counsel to plaintiff that he may not object to his

---

[4] Indeed, although counsel was not yet in possession of the letter, plaintiff unequivocally announced in the letter prior to the second deposition that it was his intention to refuse to be deposed because defendant had not responded to his written discovery requests to his satisfaction.

deposition because of his dissatisfaction with defendant's discovery responses and must instead file a motion to compel were not inappropriate or out of line. A reading of the transcript does not support plaintiff's contention that he was threatened by Mr. Collins and as previously set forth in this order, plaintiff's position that he may avoid being deposed because he is dissatisfied with defendant's discovery responses is baseless. Plaintiff would have been well-served to listen to Mr. Collins' warnings and advice concerning how discovery operates.

Mr. Collins did indeed tell plaintiff that plaintiff will be "just shit out of luck" if the court does not compel defendant to provide the discovery sought by plaintiff, and that he did not "give a shit" whether plaintiff answered the deposition questions that day or not. (Doc. 160, Depo. Tx., 7:20-21 & 10:8.) Mr. Collins' language was inappropriate and unprofessional, and the court suspects he would not have used such language had he been deposing a represented party rather than a prisoner proceeding pro se. Plaintiff is entitled to be treated respectfully and professionally by Mr. Collins and Mr. Collins is admonished to refrain from the use of foul language in the presence of plaintiff. If the court becomes aware of it happening again, the court will consider the imposition of sanctions. That said, while Mr. Collins used profane language in the presence of plaintiff, the profanity was not directed at plaintiff personally and was not a personal attack on plaintiff. Plaintiff is in prison and the court finds it hard to believe that hearing the word "shit" would rise to the level of conscience shocking. Having read the whole transcript, the court is of the opinion that the use of the word on two occasions, while unacceptable, did not create a hostile, abusive environment, as plaintiff charges.

D. Plaintiff's Motion for Extension of Discovery Deadline, Filed on August 30, 2006

On August 30, 2006, plaintiff filed a motion seeking an extension of the discovery deadline. Defendant opposes the motion on the ground that plaintiff has not shown good cause.

The court may modify the scheduling order upon showing of good cause. Fed. R. Civ. P. 16(b). A party seeking modification must show due diligence. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

Discovery was opened on May 2, 2006, and the deadline was set for September 16, 2006. (Doc. 143.) A party served with a discovery request has forty-five days within which to respond.

(Id.) Plaintiff served defendant with a set of interrogatories, a request for the production of documents, and a request for admissions on May 14, 2006. (Doc. 151, 1:20-23 & 3:12-15.) Defendant served responses on June 27, 2006. (Doc. 154, Ex. A-C.) Plaintiff thereafter communicated with defendant's counsel by letter concerning defendant's responses, and then filed a motion to compel on August 2, 2006, and a motion for an extension of the discovery deadline on August 3, 2006. (Doc. 151, 2;14-19; Doc. 146; Doc. 147.) On August 9, 2006, plaintiff's motions was stricken from the record because he failed to sign them, although he contends he never received the order. (Doc. 148.) When plaintiff was placed on notice by defendant's counsel that his motions had been stricken, he re-filed the motions on August 30, 2006.

Plaintiff is in prison and is proceeding pro se. The sequence of events outlined above hardly shows that plaintiff has been dilatory. To the contrary, it appears that plaintiff got started with conducting discovery within only a week or two of receiving the order opening discovery, attempted to resolve the discovery dispute with counsel by letter prior to filing a motion to compel,[5] filed motions to compel and for an extension of the discovery deadline when he received counsel's response to his letter, and re-filed his motions once he realized the original motions had been stricken.

Plaintiff's pending motion to compel is resolved by this order and plaintiff is being given another opportunity to file a motion curing the deficiencies identified in this order. The discovery deadline shall be extended, contingent upon plaintiff re-filing his motion to compel, and limited to the discovery at issue in the motion and any discovery necessitated by resolution of plaintiff's motion to compel.[6] Specifically, if the court rules defendant does not have to produce the discovery sought by plaintiff, if appropriate and necessary the court will issue a Rule 45 subpoena allowing plaintiff to obtain documents from CDCR personnel. Fed. R. Civ. P. 45. If plaintiff receives discovery from defendant or from a non-party that necessitates a follow-up round of discovery, plaintiff will be

---

[5] Plaintiff was not required to attempt to resolve his discovery dispute with counsel prior to filing a motion to compel, and his voluntary attempt to do so is appreciated by the court. (Doc. 143.)

[6] If plaintiff re-files his motion to compel, the court will set the new discovery deadline upon resolution of plaintiff's motion to compel, should any further discovery be necessary.

allowed to do that. Defendant's counsel may re-notice plaintiff's deposition if he chooses to do so. In light of this, the pretrial dispositive motion deadline shall be vacated so that neither party is required to expend resources filing and opposing dispositive motions while discovery is still ongoing.[7] Once the new discovery deadline is established, or if plaintiff does not re-file his motion to compel within thirty days, the court will set a new motion deadline.

E. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed August 30, 2006, is DENIED without prejudice on the ground that it is procedurally deficient;
2. Within **thirty (30) days** from the date of service of this order, plaintiff may re-file his motion to compel curing the deficiencies identified by the court in this order;
3. Plaintiff's request for judicial notice, filed September 14, 2006, is DENIED;
4. Plaintiff's motion for sanctions, filed September 14, 2006, is DENIED;
5. Plaintiff's motion for an extension of the discovery deadline, filed August 30, 2006, is GRANTED, contingent upon plaintiff re-filing his motion to compel within thirty days and subject to the limitations set forth in this order;
6. The deadline to file pretrial dispositive motions is VACATED, to be reset once the discovery deadline is established; and
7. The Clerk's Office shall re-serve document 148 on plaintiff.

IT IS SO ORDERED.

**Dated: October 20, 2006** **/s/ Sandra M. Snyder**
icido3 UNITED STATES MAGISTRATE JUDGE

[7] Certainly neither party is precluded from filing a pretrial dispositive motion prior to the deadline.