# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA, | CASE NO. 1:03-cv-06658-OWW-SMS PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| EDWARD ALMIEDA, et al., | (Doc. 166) |
| Defendants. | WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER, DEFENDANT SHALL SERVE A SUPPLEMENTAL RESPONSE TO RFA 5, AND PLAINTIFF SHALL RE-DRAFT AND RE-SERVE RFAS 7 AND 8 |
| | ORDER SETTING PRETRIAL DISPOSITIVE MOTION DEADLINE FOR NOVEMBER 30, 2007 |

## I. Order

### A. Procedural History

Plaintiff William Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was proceeding on plaintiff's complaint, filed November 24, 2003, against defendants Snow, Nguyen, Smith, Ramirez, Bradish, and Katukota for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. (Docs. 1, 16, 40.) The only remaining claim is plaintiff's claim against defendant Katukota. (Doc. 135.) Defendant Katukota ("defendant") was personally served on April 11, 2006, and she filed an answer on May 1, 2006. (Docs. 141, 142.) On May 2,

1

2006, the court issued a discovery and scheduling order, under which the deadline for the completion of all discovery, including filing motions to compel, was September 13, 2006. (Doc. 143.)

On October 20, 2006, the court issued an order denying plaintiff's motion to compel filed August 30, 2006, and granting plaintiff thirty days within which to cure the deficiencies identified by the court and re-file the motion. (Doc. 165.) The discovery deadline was extended, contingent upon plaintiff re-filing his motion to compel and limited to the discovery at issue in the motion. (Id.) On November 22, 2006, plaintiff re-filed his motion to compel. (Doc. 166.) Defendant filed an opposition on December 12, 2006, and plaintiff filed a reply on December 21, 2006. (Docs. 168, 169.)

      **B.**      **Renewed Motion to Compel**

           **1.**      **Interrogatories**

Defendant is required to "furnish such information as is available" to her in responding to plaintiff's interrogatories. Fed. R. Civ. P. 33(a).

**ROG 2:** "State the date and place of each and every occasion of which defendant had occasion to render care and treatment to or on behalf of plaintiff."

**Objection:** Vague, ambiguous, overbroad, and unintelligible; oppressive and burdensome to the extent the information is in plaintiff's medical records and equally available to him; and the defendant is unable to recall because she is no longer working at the prison and does not have access to plaintiff's medical records.

**Ruling:** Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory because she is no longer employed by the California Department of Corrections and Rehabilitation ("CDCR").

However, defendant will undoubtedly find a way to access this information as she prepares to defend herself in this suit, either via a motion for summary judgment or at trial. When and if defendant encounters information enabling her to respond to this interrogatory, defendant is obligated to serve plaintiff with supplemental responses to this question, limited to the timeframe relevant to plaintiff's claim in this action and re-framed in two subparts as follows: State the dates

plaintiff was seen by defendant for medical treatment, and state the locations at which plaintiff was seen by defendant for medical treatment. Fed. R. Civ. P. 26(e).

**ROG 11:** "Did defendant at any time send plaintiff to a outside specialist for treatment and/or for a diagnosis."

**Objection:** Vague, ambiguous, overbroad, unintelligible, and compound; oppressive and burdensome to the extent the information is in plaintiff's medical records and equally available to him; and the information is unavailable to defendants because she does not have access to plaintiff's medical records.

**Ruling:** Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory because she is no longer employed by CDCR.

However, if in the future defendant encounters information enabling her to respond to this interrogatory, defendant is obligated to serve plaintiff with supplemental responses to this question, limited to the time frame relevant to plaintiff's claim in this action and re-framed as follows: Did defendant refer plaintiff to an outside specialist?

**ROG 12:** "State the reason why plaintiff was not sent to an outside specialist."

**Objection:** Vague, ambiguous, overbroad, unintelligible, compound, and assumes facts; oppressive and burdensome to the extent the information is in plaintiff's medical records and equally available to him; and the information is unavailable to defendant because she does not have access to plaintiff's medical records and she is unable to recall whether or not plaintiff was sent to an outside specialist or whether she referred plaintiff to an outside specialist.

**Ruling:** Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory because she is no longer employed by CDCR.

However, if in the future defendant encounters information enabling her to respond to this interrogatory, defendant is obligated to serve plaintiff with a supplemental response to this question,

3

1 limited to the time frame relevant to plaintiff's claim in this action and re-framed as follows: If the
2 answer to interrogatory 11 is no, why not?

### 2.  Production of Documents

Defendant is required to furnish documents which are in her "possession, custody or control" in responding to plaintiff's request for the production of documents. Fed. R. Civ. P. 34(a).

**POD 1:** "Please produce all documents that evidence, mention, or refer to plaintiff's chronic medical condition."

**Objection:** Defendant no longer has access to plaintiff's medical records because she no longer works for CDCR.

**Ruling:** Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to these documents because she is no longer employed by CDCR.

**POD 2:** "Please produce all documents that evidence, mention or refer to 7362 medical request forms and responses."

**Objection:** Defendant no longer has access to plaintiff's medical records because she no longer works for CDCR.

**Ruling:** Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to these documents because she is no longer employed by CDCR.

**POD 3:** "Please produce CDC's Policies and Procedures on the proper medical procedure of maintaining 7362 medical request forms."

**Objection:** Vague, ambiguous, overbroad, unintelligible, and lacks foundation, and defendant no longer works for CDCR and does not have access to policies and procedures.

**Ruling:** Plaintiff's motion to compel a response is denied. Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to these documents because she is no longer employed by CDCR.

///
///

### 3. Requests for Admission

A request for admission requires a defendant admit or deny a fact. Fed. R. Civ. P. 36(a). It is permissible for a defendant to fail to admit or deny a fact by stating that he or she lacks information or knowledge to admit or deny the fact. Id.

**RFA 4:** "Admit that after a consultation that you put the 7362 medical request form back into the inmate/patients Unit Health Record (UHR)."

**Objection:** Vague, ambiguous, overbroad, assumes facts, and presents an incomplete hypothetical. Without waiving the objections, "[t]he form is put into the health records by a variety of persons, not usually the doctor."

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff argues in his motion to compel that each time he saw her, defendant read the form 7362 and placed it into his medical file. Plaintiff's request for admission is not drafted to obtain the information plaintiff apparently seeks. Plaintiff did not ask defendant to admit or deny that at each consultation he had with her, she read and placed the form 7362 in his Unit Health Record. Absent evidence that defendant's response is untruthful, plaintiff is required to accept her answer as given.

**RFA 5:** "Admit that the 7362 medical request forms are a permanent document in my medical file per CDC's policies and procedures."

**Objection:** Vague, ambiguous, overbroad, assumes facts, and presents an incomplete hypothetical. Denied in that defendant lacks sufficient information or belief upon which to respond.

**Ruling:** Plaintiff's motion to compel a further response is granted. A party may fail to admit or deny a fact based on lack of information or knowledge if the party states he or she has made a reasonable inquiry and the information known or readily obtainable is insufficient to allow him or her to admit or deny the fact. Fed. R. Civ. P. 36(a). Defendant did not assert that she made a reasonable inquiry.

Defendant has thirty days to serve a supplemental response to this request, re-framed as follows: Admit or deny that pursuant to CDCR policy, 7362 forms are a permanent part of an inmate's medical file. If, after making a reasonable inquiry, the information known or readily

///

5

obtainable is insufficient to allow defendant to admit or deny this fact, plaintiff is required to accept that answer.

**RFA 7:** "Admit that exhibit (11) is a copy of a 7362 medical request form, and also admit that the other 7362 medical request forms are completed forms as far as you can tell.  This is a two part question please answer both."

**Objection:**  Vague, ambiguous, overbroad, unintelligible, assumes facts, presents an incomplete hypothetical, and Exhibit 11 was not attached.  Denied in that defendant is unable to respond or lacks sufficient information or belief upon which to respond.

**Ruling:** Plaintiff's motion to compel is denied.  Plaintiff failed to attach Exhibit 11 to his discovery request and therefore failed to provide defendant with the information necessary to respond to this request.  It is irrelevant that defendant's counsel may be in possession of the exhibit because it was sent at some other time, as plaintiff argues in his motion.  If plaintiff is asking defendant to admit or deny something and the admission or denial requires referring to a document, plaintiff must supply the document with his request.

Plaintiff may re-serve this request on defendant within thirty days with the exhibit attached.  The request is re-framed as follows:  Admit or deny that Exhibit 11 is a CDCR form 7362.  Defendant's objections as to the second part of this request are sustained and the court declines to allow plaintiff to re-serve the request.  The forms submitted as exhibits by plaintiff were revised in 2004, after this suit was filed and after defendant left CDCR. (Doc. 166, court record pgs 38-46.) Defendant's argument that responding to this part of plaintiff's request would require speculation is well taken.

**RFA 8:** "Admit that all of the exhibits that bare your name/signature on them are yours."

**Objection:**  Vague, ambiguous, overbroad, unintelligible, and defendant is not sure what exhibits plaintiff is referring to.

**Ruling:** Plaintiff's motion to compel is denied.  Plaintiff failed to attach the referenced exhibits to his discovery request and therefore failed to provide defendant with the information necessary to respond to this request.  It is irrelevant that defendant's counsel may be in possession of the exhibit because it was sent at some other time, as plaintiff argues in his motion.  If plaintiff

is asking defendant to admit or deny something and the admission or denial requires referring to a document, plaintiff must supply the document with his request.

Plaintiff may re-serve this request on defendant within thirty days with the exhibits attached. The request is re-framed as follows: Admit or deny that the signature on Exhibits [plaintiff to specifically identify the attached exhibits by letter or number] is yours.

### C.    Deadline for Filing Pretrial Dispositive Motions

The discovery phase of this litigation has concluded, with the exception of RFAs 5, 7, and 8, discussed in this order. Those outstanding issues should be resolved in their finality in approximately ninety days at the latest. Accordingly, the deadline for filing pretrial dispositive motions is set for November 30, 2007.

### D.    Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed November 22, 2006, is GRANTED as to RFA 5 and defendant shall serve a supplemental response within **thirty (30) days** from the date of service of this order;

2. Plaintiff's motion to compel, filed November 22, 2006, is DENIED as to all other requests;

3. Plaintiff has **thirty (30) days** from the date of service of this order within which to re-serve RFAs 7 and 8, as re-framed and limited in this order;

4. Plaintiff has **thirty (30) days** from the date of service of defendant's response to RFA 5 to file a motion to compel if necessary, defendant has **thirty (30) days** from the date of service of plaintiff's re-drafted RFAs 7 and 8 to serve a response, and plaintiff has **thirty (30) days** from the date of service defendant's response to RFAs 7 and 8 to file a motion to compel if necessary; and

///

///

///

///

1        5.     The deadline for filing pretrial dispositive motions is November 30, 2007.

3   IT IS SO ORDERED.

4   **Dated:**     **May 9, 2007**                              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE