# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>        Plaintiff,<br><br>   v.<br><br>EDWARD ALMIEDA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-cv-06658-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL A RESPONSE TO SUBPOENAS DUCES TECUM, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(Docs. 171 and 172)<br><br>ORDER DIRECTING CLERK'S OFFICE TO FILE DOCUMENTS RECEIVED FROM PLAINTIFF ON FEBRUARY 27, 2007, MARCH 9, 2007, AND MARCH 13, 2007 |

Plaintiff William Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2007, plaintiff filed a motion to compel a response to the subpoenas duces tecum he sent to non-parties D. Gamez, A. Gonzalez, and C. M. Heck on February 22, 2007. Defendant Katukota did not file a response.

Plaintiff may not issue his own subpoenas. Fed. R. Civ. P. 45(a)(3). Further, a properly issued subpoena requires personal service to be effective. Fed. R. Civ. P. 45(b). Plaintiff's subpoenas are invalid because they were not issued by the court, and as a result, Gamez, Gonzalez, and Heck had no obligation to respond to the subpoenas. Plaintiff's motion to compel a response is therefore denied.

In his motion to compel, plaintiff references three letters he sent to the court. The letters were received by the court on February 27, 2007, March 9, 2007, and March 13, 2007, and were not

filed in because letters to the court are generally improper. In light of the fact that plaintiff's motion to compel references the letters, the court will direct the Clerk's Office to file them in so that they are part of the record. Beyond this order, no further response to the letters by the court will be forthcoming.

Also on April 9, 2007, plaintiff filed a request for judicial notice of (1) his motion seeking the issuance of a subpoena duces tecum filed December 5, 2006, (2) his reply to defendant's opposition to his motion to compel filed December 21, 2006, and (3) the three letters received by the court on February 27, 2007, March 9, 2007, and March 13, 2007. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

The court may take judicial notice of court records and will therefore grant plaintiff's request to the extent that judicial notice of the filing of the documents is taken. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). However, the court may not take judicial of the facts set forth in plaintiff's filings, as the facts are in dispute. Thus, to the extent that plaintiff is seeking judicial notice of the documents to show that he has acted in good faith and with due diligence, plaintiff's request is denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a response to his subpoenas duces tecum, filed April 9, 2007, is DENIED;

2. Plaintiff's request for judicial notice, filed April 9, 2007, is GRANTED in part and DENIED in part; and

///
///
///
///
///

3. The Clerk's Office shall file in the letters received from plaintiff on February 27, 2007, March 9, 2007, and March 13, 2007.

IT IS SO ORDERED.

**Dated:   May 9, 2007**                                   **/s/ Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE