# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA,<br><br>           Plaintiff,<br><br>     v.<br><br>EDWARD ALMEIDA, et al.,<br><br>           Defendants. | CASE NO. 1:03-cv-06658-LJO-SMS PC<br><br>ORDER ADDRESSING LETTER SEEKING CLARIFICATION, AND NOTIFYING PARTIES THAT DEFENDANT HAS SIXTY DAYS WITHIN WHICH TO DEPOSE PLAINTIFF<br><br>(Doc. 179) |

On May 10, 2007, the court issued three orders addressing outstanding discovery issues, and noted that the discovery phase of this litigation is now closed. On May 17, 2007, defendant filed a letter seeking clarification concerning plaintiff's deposition, which has not yet been conducted.

In an order filed on October 20, 2006, addressing a motion to compel filed by plaintiff, the court stated

> Plaintiff's pending motion to compel is resolved by this order and plaintiff is being given another opportunity to file a motion curing the deficiencies identified in this order. The discovery deadline shall be extended, contingent upon plaintiff re-filing his motion to compel, and limited to the discovery at issue in the motion and any discovery necessitated by resolution of plaintiff's motion to compel.[1] Specifically, if the court rules defendant does not have to produce the discovery sought by plaintiff, if appropriate and necessary the court will issue a Rule 45 subpoena allowing plaintiff to obtain documents from CDCR personnel. Fed. R. Civ. P. 45. If plaintiff receives discovery from defendant or from a non-party that necessitates a follow-up round of discovery, plaintiff will be allowed to do that. *Defendant's counsel may re-notice plaintiff's deposition if he chooses to do so.* In light of this, the pretrial dispositive motion deadline shall be vacated so that neither party is required to expend resources filing and opposing dispositive motions while discovery

---

[1] If plaintiff re-files his motion to compel, the court will set the new discovery deadline upon resolution of plaintiff's motion to compel, should any further discovery be necessary.

1  is still ongoing.² Once the new discovery deadline is established, or if plaintiff does not re-file his motion to compel within thirty days, the court will set a new motion deadline.

(Doc. 165, emphasis added.)

At the time of the issuance of the orders on May 10, 2007, the court was not aware that had plaintiff had not yet been deposed. It was not the intent of the court to preclude defendant from deposing plaintiff, given that plaintiff was unavailable due to illness when defendant's counsel traveled to the prison to depose plaintiff on September 12, 2006.

Accordingly, the court's orders are hereby clarified and both parties are placed on notice that defendant may depose plaintiff. Defendant has sixty days from the date of service of this order within which to depose plaintiff. If either party needs an extension of time, the motion for an extension must be filed on or before the deadline.

Accordingly, it is HEREBY ORDERED that:

1. Defendant has **sixty (60) days** from the date of service of this order within which to depose plaintiff; and

2. If either party needs an extension of time, the motion for an extension must be filed on or before the deadline.

IT IS SO ORDERED.

**Dated:   May 21, 2007**                             /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

---

² Certainly neither party is precluded from filing a pretrial dispositive motion prior to the deadline.

2