1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GARCIA, | CASE NO. 1:03-cv-06658-LJO-SMS PC |
| Plaintiff, | ORDER GRANTING MOTIONS TO FILE EXHIBITS 23 and 24, AND DENYING MOTION FOR JUDICIAL NOTICE |
| v. | |
| EDWARD ALMIEDA, et al., | (Docs. 190, 193, and 196) |
| Defendants. | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| | (Doc. 188) |

_____/

I.      Procedural History

        Plaintiff William Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's remaining claim that defendant Katukota[1] violated his rights under the Eighth Amendment by acting with deliberate indifference to plaintiff's medical needs.  On May 10, 2007, the court issued three orders addressing plaintiff's pending discovery motions. (Docs. 173-175.) On July 2, 2007, plaintiff filed a motion seeking an extension of time to file an objection to the orders.  (Doc. 182.)  On July 30, 2007, the court granted plaintiff an extension of time to file a motion for

_____

[1] Identified as Vijaya in the complaint.

1   reconsideration of the orders, and on August 10, 2007, plaintiff filed a motion for reconsideration.[2]

2   (Docs. 184, 188.)  Defendant filed an opposition on August 29, 2007, and plaintiff filed a reply on

3   September 11, 2007.  (Docs. 194, 195.)  The motion for reconsideration has therefore been

4   submitted.  Local Rule 78-230(m).

5        In support of his motion for reconsideration, plaintiff filed additional exhibits with motions

6   for leave to file the exhibits on August 27, 2007, and September 6, 2007. (Docs. 190, 193.)  Plaintiff

7   also filed a motion seeking judicial notice of his motion for reconsideration on September 11, 2007.

8   (Doc. 196.)

9   II.   Legal Standard

10       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

11  district court.  A district court may relieve a party from a final order or judgment on grounds of

12  "fraud . . . , misrepresentation, or other misconduct of an adverse party, . . ." or "any other reason

13  justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(3),(6).  "The Rule

14  60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by

15  any of the other reasons set forth in Rule 60."  Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir.

16  2007).  Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice'

17  and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely

18  action . . . .'"  Id. (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th

19  Cir. 1993)).

20       The motion for reconsideration must be made within a reasonable time, and if on the ground

21  of fraud, misrepresentation, or other misconduct, must be made "not more than one year after the

22  judgment, order, or proceeding was entered or taken."  Id.  "What qualifies as a reasonable time [in

23  bringing the motion] 'depends on the facts of each case.'"  In re International Fibercom, Inc., No.

24  05-16358, 2007 WL 2610892, *9 (9th Cir. Sept. 12, 2007) (quoting United States v. Wyle (In re Pac.

25  Far East Lines, Inc.), 889 F.2d 242, 249 (9th Cir. 1989) (quotations and citation omitted)).  "[R]elief

26

27       [2] In its order granting plaintiff an extension of time, the court explained that there is no provision for filing
28  an objection to the orders at issue and it would therefore construe plaintiff's motion as one seeking an extension to
    file a motion for reconsideration.

1  under Rule 60(b) should only be granted where the moving party is able to demonstrate that

2  circumstances beyond its control prevented timely action to protect its interests." Id. (quoting Alpine

3  Land, 984 F.2d at 1049).

4      Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin

5  Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

6  (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce

7  the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

8  F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th

9  Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). When filing a

10  motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different

11  facts or circumstances claimed to exist which did not exist or were not shown upon such prior

12  motion, or what other grounds exist for the motion."

13  III.   Motions to Submit Additional Exhibits and for Judicial Notice

14      Plaintiff's motions seeking leave to file Exhibits 23 and 24, filed August 27, 2007, and

15  September 6, 2007, shall be granted. The exhibits were filed at the time of receipt, and shall be

16  considered by the court to the extent that they are relevant in resolving plaintiff's pending motion

17  for reconsideration and are otherwise admissible.

18      Plaintiff's motion for judicial notice of his motion for reconsideration shall be denied. "A

19  judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally

20  known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

21  determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

22  201(b). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at

23  trial, serving as a substitute for the conventional method of taking evidence to establish facts." York

24  v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); see

25  General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

26  "Matters may be judicially noticed in connection with pretrial motions as well as at trial." JUDGE

27  ROBERT E. JONES ET AL., FEDERAL CIVIL TRIALS AND EVIDENCE § 8:935 (2007).

28  ///

3

No purpose is served by taking judicial notice of the fact that plaintiff filed a motion for reconsideration, and the assertions set forth in the motion, along with the supporting exhibits, are subject to dispute, making them inappropriate for judicial notice.

IV.   Motion for Reconsideration of Order Granting Summary Adjudication

On March 15, 2006, the court granted defendants Snow, Nguyen, Smith, Ramirez, and Bradish's motions for summary adjudication. (Doc. 135.) In his motion for reconsideration, plaintiff asserts that he is entitled to relief from the court's order based on fraud and misrepresentation on the part of defendants.  Fed. R. Civ. P. 60(b)(3).  (Doc. 188, 1:22-26; Doc. 195, 2:4-14.)

A motion for relief from an order brought pursuant to Rule 60(b)(3) *must* be brought not more than one year after the order was entered.  Fed. R. Civ. P. 60(b).  Plaintiff's motion for an extension of time to file an objection to the court's discovery rulings issued on May 10, 2007, was granted.  Plaintiff was not granted an extension of time to file a motion for reconsideration of the court's March 15, 2006, order.  Plaintiff's motion for reconsideration is not timely, and the court will not consider it.  Once final judgment is entered in this action, plaintiff's recourse is to appeal within thirty days.

V.   Motion for Reconsideration of Orders Denying Motions for Preliminary Injunctive Relief

Plaintiff seeks reconsideration of the orders denying his motions for preliminary injunctive relief.  Plaintiff filed the motions on November 24, 2003, and August 5, 2005.  (Docs. 3, 65.)  The motions were denied on July 30, 2004, and March 15, 2006.  (Docs. 21, 135.)

It is unclear on what exact ground plaintiff is seeking reconsideration of these orders.  (Doc. 188, pgs. 9-12.)  If brought pursuant to Rule 60(b)(3) on the grounds of fraud and misrepresentation, the motion is untimely.  To the extent plaintiff is bringing the motion pursuant to the Rule 60(b)(6) catch-all provision, plaintiff has set forth no grounds justifying the delay in bringing the motion and the court finds it was not brought within a reasonable time.  Further, plaintiff has made no showing of extraordinary circumstances entitling him to relief from either order.  Plaintiff's desire to reargue the issues does not support a motion for reconsideration.  Because plaintiff's motion for reconsideration of these orders is untimely, and no showing entitling plaintiff to relief under Rule 60(b)(6) has been made in any event, plaintiff's motion is denied.

1    VI.    Motion for Reconsideration of Discovery Orders Filed May 10, 2007

2           On May 10, 2007, the court issued orders granting in part and denying in part plaintiff's

3    motion to compel, denying plaintiff's motion for the issuance of subpoenas duces tecum, and

4    denying plaintiff's motion to compel a response to subpoenas duces tecum issued by plaintiff.

5    (Docs. 173-175.)  Plaintiff seeks reconsideration of these orders.

6           Plaintiff's challenge to the order granting in part and denying in part his motion to compel

7    is non-specific.  There are no stated grounds demonstrating that the court erred, and that plaintiff is

8    entitled to the extraordinary remedy of setting aside the order.  Plaintiff has not met his burden as

9    the moving party by setting forth legal grounds entitling him to reconsideration, and his motion is

10   denied.

11          Next, plaintiff filed a motion seeking the issuance of a subpoena duces tecum for the

12   production of the documents missing from his medical file.  (Doc. 167.)  Contrary to plaintiff's

13   position, the court did not overlook his arguments or his evidence in denying the motion.  (Doc. 188,

14   pgs. 3-5.)  The problem is that there are documents allegedly missing from plaintiff's medical file.

15   (Doc. 167.)  Plaintiff does not know where the documents are and neither does the court.  Plaintiff

16   may not use discovery and the resources of the United States Marshal to conduct an investigation

17   into the location of missing records.  Plaintiff's argument that he provided the name of the individual

18   and the entity who have care, custody, and control of his medical file is of no assistance to plaintiff.

19   (Doc. 188, pg. 3.)  Providing information on who has care, custody, or control of the file does not

20   serve to cure the underlying problem of where the missing records are or who has them.  Again,

21   plaintiff may not use the Marshal as his own private investigator, and there has been no showing that

22   issuing a subpoena duces tecum for the production of plaintiff's medical file will net plaintiff the

23   missing medical records.

24          Plaintiff's argument concerning the court's request that defendant's counsel review counsel's

25   own case file and provide plaintiff with any documents relevant to plaintiff's claim is, at best,

26   puzzling.  (Doc. 188, pgs. 3, 8.)  Plaintiff is incorrect that counsel was directed to go through

27   plaintiff's medical file.  Counsel was directed to review his own legal file, and the *only* beneficiary

28   of the court's request was plaintiff himself.  (Doc. 174.)

5

Plaintiff is also incorrect that his medical records are entitled to privacy. Plaintiff placed his medical condition, and medical records, at issue when he filed this action. As a result, the records were discoverable by defendants. There is nothing improper about counsel having copies of the records, and plaintiff may not shield them by claiming a privacy interest.

Finally, plaintiff's assertion that there exists a conflict of interest because counsel represents the parties plaintiff believes may have taken his records is without merit. (Doc. 188, pg. 8.) There is nary a shred of evidence that defendants or their counsel caused records to be removed from plaintiff's medical file. Plaintiff's suspicion and belief that they had a hand in it is not admissible evidence that they were involved in the disappearance of the records. Plaintiff's motion for reconsideration of the order denying his motion for the issuance of a subpoena duces tecum is denied.

The last order at issue resolved plaintiff's motion to compel a response to the subpoenas he issued. (Doc. 175.) The court denied plaintiff's motion on the ground that he may not issue his own subpoenas, and may not compel a response to a subpoena that has not been properly served. Plaintiff's complaint that he was not allowed to cure the deficiency and was not treated with fairness is without merit. (Doc. 188, pg. 6.) Plaintiff is required to follow the same procedural rules as any other litigant and may not use his pro se status as a shield against doing so. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff was not entitled to the relief he sought in his noticed motion to compel and his motion was properly denied. Plaintiff's motion for reconsideration of the order is denied.

VII.   Conclusion and Order

Despite plaintiff's contentions to the contrary, plaintiff's pro se status has netted him leniency with respect to the timing and contents of his filings, and the court has been lenient in overlooking the accusatory tone and unsubstantiated allegations of misconduct and unfairness leveled by plaintiff in various filings, including the instant motion. Further, this court has taken care to explain its rulings to plaintiff in plain language, provide plaintiff with some guidance regarding proper procedure, and provide plaintiff with a sufficient opportunity to obtain discovery in light of his pro se status. (Doc . 165, 184.) Plaintiff's assertions that he has been treated unfairly are without merit.

1   (See e.g., Doc. 188, pg. 6.)  The Federal Rules of Evidence, the Federal Rules of Civil Procedure,

2   and the Local Rules of this court apply to all parties, including those proceeding pro se.

3           Plaintiff is placed on notice by this order that any further unsupported accusations aimed at

4   impugning the integrity of counsel or this court will not be overlooked and may result in the

5   imposition of sanctions against plaintiff.  While plaintiff is free to disagree with rulings of this court

6   and the position taken by defendants in their filings, he will conduct himself civilly in this court.

7           Based on the foregoing, it is HEREBY ORDERED that:

8   1.      Plaintiff's motions to file supplemental exhibits 23 and 24, filed August 27, 2007,

9            and September 6, 2007, are GRANTED;

10  2.      Plaintiff's motion for judicial notice of his motion for reconsideration, filed

11           September 11, 2007, is DENIED; and

12  3.      Plaintiff's motion for reconsideration, filed August 10, 2007, is DENIED with

13           prejudice as follows:

14        a.      Plaintiff's motion for reconsideration of the court's order granting

15              defendants' motion for summary adjudication is DENIED as untimely;

16        b.      Plaintiff's motion for reconsideration of the court's orders denying plaintiff's

17              motions for preliminary injunctive relief is DENIED as untimely and as

18              unsupported by extraordinary circumstances; and

19        c.      Plaintiff's motion for reconsideration of the court's discovery orders filed on

20              May 10, 2007, is DENIED.

21

22

23

24  IT IS SO ORDERED.

25  **Dated:   September 20, 2007**               **/s/ Sandra M. Snyder**

                                       UNITED STATES MAGISTRATE JUDGE

26

27

28